Reese, J.
delivered the opinion of the court.
This is an action of trespass brought by the defendant in error to assert and recover his freedom. John Bayless of Washington county, the owner of a slave Jenny, in his life time presented his petition to the county court of that county, at its April session, in the year 1821, praying upon views and for reasons therein set forth that said slave should, by order of said court, be liberated upon the happening of the death of himself or his wife, or the survivor of them, then to be and remain free; and that the court would then direct a record of liberation to be made, to take effect upon said event, and security to be given for the indemnity of Washington county, as the court should direct. The justices then present, being, as the record states, a majority of all the justices of said county, endorsed upon said petition, that it was granted in manner and form as the act of assembly directed, and all of them signed said endorsement, although none of them signed it in the character of chairman. At the same time the said court took from said petitioner a bond with security, which recited, that it was to be void on condition, that Jenny, a woman of color that day emancipated at the death of petitioner and his wife, should not become chargeable to the county of Washington.
The defendant in error is the son of said Jenny, born after these proceedings took place.
1st. Does the omission of any of the justices to sign the report endorsed on the petition, in the character of chairman, invalidate the act of emancipation? We are satisfied that it does not. It is to nine or a majority of the county court, two-thirds of that number concurring, that the power is delegated by the legislature to give or withhold the assent of the public in such a case. It is not delegated to the chairman of that body; his endorsement is intended to be an easy and convenient mode of evidencing that assent by his signature as their organ. If then the whole body present, by their own endorsement and signa *259 tures, manifest their own assent, is not the act as solemn and the evidence of assent more satisfactory and conclusive?
2d. What is the legal effect of the proceedings concurrent between the petitioner and the county court? Most clearly it was an act of emancipation in prcesenti to be enjoyed however on the part of the slave in future. This was the purpose of both parties, of the owner and of the public. No future petition was intended to be presented by the owner; no future assent to be given by the public; no future bondt'o be entered into for the indemnity of the county. The act was consummate; the concession of freedom on the part of the owner, and assent on the part of the public were final and complete. The services of her who had been a slave, continued indeed to be due to the master until his death, but the character of slave ceased. And whatever contrariety of opinion may have existed in different States as-to children born after a devise of freedom to the mother, and before the assent of the public, none it is supposed could exist in a case like the present, where the owner and the public had concurrently joined in the act of emancipation.
The only question, therefore, remaining is, whether the county court had power to give an assent on the part of the public, which would suspend the actual enjoyment of the freedom conceded till a future period. And why has it not this power?
The master at common law had complete control over the question of emancipation. His power exists; except in so far as it may have been prohibited, and the prohibition is not found in the statute. Besides, if it were otherwise, it would probably follow, not that the woman in this case would have continued a slave, but that the master, contrary to his intentions, would by the proceedings have lost his right to her future services, unless voluntarily bestowed. In any view, we think that the defendant in error was born free.
The other ground of objection to the charge of the court, that the proceedings of the county court could not be incidentally and collaterally impeached on the score of the alledged insanity of the petitioner, has not been much pressed.
The charge of the court, we think, was correctin that respect. Upon the whole we affirm the judgment.